PAUL J. ANDERSON, ESQ.
Nevada State Bar No. 709
Maupin, Cox & LeGoy
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 827-2000
Facsimile: (775) 827-2185
Attorneys for Plaintiff
panderson@mclrenolaw.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY R. BECKETT,<br><br>                Plaintiff,<br><br>vs.<br><br>BRINX RESOURCES LTD., a Nevada corporation, KENNETH A. CABIANCA, an individual and GEORGIA KNIGHT, an individual,<br><br>                Defendants. | CASE NO.: 3:13-cv-00342-LRH-WGC<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, Jeffrey R. Beckett, by and through his attorneys, Maupin, Cox and LeGoy, and for his Complaint against the Defendants states as follows:

**Parties**

1.  Plaintiff, Jeffrey R. Beckett ("Plaintiff" or "Beckett"), is a citizen and resident of the State of Michigan.

1

2. Defendant Brinx Resources Ltd. ("Brinx"), is a Nevada corporation, organized and existing in accordance with the laws of the State of Nevada, and doing business in the State of Nevada.

3. Defendant Kenneth A. Cabianca ("Cabianca") is, upon information and belief, a resident of Nevada, and is: (i) the Chief Executive Officer, President and Chairman of the Board of Brinx; (ii) the controlling member of the Board of Directors of Brinx; and (iii) a holder of the Common and Series A Preferred stock of Brinx.

4. Defendant Georgia Knight ("Knight") is, upon information and belief, a resident of Nevada, and is a member of the Board of Directors of Brinx, who along with the other defendants in this action has defrauded Beckett through the acts described in greater detail below. Throughout this First Amended Complaint Brinx, Cabianca and Knight will be collectively referred to as "Defendants".

5. Sarah Cabianca ("Sarah") is, upon information and belief, a resident of Nevada and is the daughter of Cabianca.

### Nature of the Action

6. On or about April 16, 2013, Plaintiff filed a Complaint in the Second Judicial District Court of the State of Nevada, in and for Washoe County, Nevada, setting forth various allegations and claims for relief against the Defendants and Sarah ("Original State Complaint"). Among those claims for relief were claims under the Securities Act of 1934 and the Sarbanes-Oxley Act of 2002, set forth below. Prior to Defendants' entry of an appearance, Plaintiff filed a First Amended Complaint, eliminating the above claims for relief so that they could be filed in the United States District Court, District of Nevada. This action is brought to preserve the

federal claims for relief which are set forth herein while the claims set forth in the State Court action are prosecuted.

## Jurisdiction and Venue

7. This action arises under the securities laws of the United States, specifically the 1934 Securities Act, 15 U.S.C. §78, et. seq. and the Sarbanes-Oxley Act of 2002. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, concerning federal question jurisdiction.

8. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, there is complete diversity of citizenship among the parties in this case and jurisdiction in this matter is alternatively proper under 28 U.S.C. § 1332.

9. Venue is proper pursuant to 28 U.S.C. §1391 (b) in the United States District Court for the District of Nevada as Defendant Brinx is a Nevada corporation, and the individual Defendants are, upon information and belief, residents of the State of Nevada.

## Demand for Jury

10. Plaintiff hereby demands a jury to hear and to decide all matters triable of right by a jury pursuant to Fed. R. Civ. P. 38.

## Factual Allegations

11. The claims in this case arise from the acts of Defendants in defrauding Beckett of the value of his investment in Brinx, a Nevada corporation owned only in part by, but completely controlled and dominated for the personal benefit of, Cabianca.

12. The Defendants in this matter defrauded Beckett through unlawful means and by the use of false pretenses in violation of statutory prohibitions.

13. According to its website Brinx is a successful, expanding oil and gas production and exploration company focused on developing oil and natural gas reserves. Brinx's current focus is on the continued development and exploration of its diverse land portfolio comprised of working interests in Oklahoma, Mississippi and California.

14. Brinx's Common stock trades on various "penny stock" or "pink sheet" public stock exchanges and is available for sale or purchase by the general public.

15. According to public information available regarding Brinx, the corporation currently has outstanding 25,000,000 shares of Common stock.

16. The approximate value of a share of Brinx Common stock as of the date of this filing is $.07 per share.

17. Pursuant to the Articles of Incorporation filed on or about December 23, 1998, the business and affairs of Brinx are to be managed by a Board of Directors which shall exercise all of the powers of the corporation except as otherwise provided in the Bylaws or otherwise in the Articles of Incorporation or by the laws of the State of Nevada.

18. The Bylaws for Brinx provide that subject only to such limitations as may be provided by law or in the Articles of Incorporation, the Board of Directors shall have full control over the affairs of Brinx.

19. The Bylaws also provide that the President of Brinx, subject only to the direction and supervision of the Board of Directors, shall be the chief executive officer of the corporation and shall have general and active control of its affairs and business as well as general supervision of its officers, agents and employees. Additionally, the President of Brinx shall report only to the Board of Directors in the capacity of chief executive officer of the corporation.

20. The controlling member of the Board of Directors of Brinx since incorporation in 1998 through and including the present has been, and continues to be, Cabianca, whom also currently serves as Chief Executive Officer and President of Brinx.

21. Knight's actions, as a member of the Board of Directors of Brinx, are controlled by Cabianca, who appointed her to the Board of Directors of Brinx in 2012, to represent Cabianca's interests exclusively, a role she has willingly assumed.

22. As the controlling Director of Brinx, Cabianca has exercised complete control and dominion over the business affairs and decisions of Brinx from the date of incorporation through and including the present date.

23. Pursuant to the Bylaws of Brinx, adopted on or about December 3, 2002, Brinx is required to hold an annual meeting of its stockholders.

24. Acting at the direction of Cabianca, Brinx has failed to even hold a single annual meeting of its stockholders as required in the Bylaws.

25. In this same regard, though the Bylaws of Brinx state that each outstanding share of stock, regardless of class, shall be entitled to one vote as to matters so designated in the Bylaws, Brinx has to date denied the shareholders, including Beckett, of their voting rights with respect to any matter provided for in the Bylaws.

26. Beckett owns 2,826,335 Common shares of Brinx stock or approximately 11.5% of the outstanding Common stock in Brinx.

27. Cabianca currently owns 2,554,702 Common shares of Brinx stock or approximately 10.4% of the outstanding Common stock in Brinx.

MAUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

28. According to public information provided to the Securities and Exchange Commission ("SEC"), without adequate consideration and in violation of fiduciary and other obligations owed to Beckett, on February 10, 2012, Defendant Cabianca caused Brinx to issue 500,001 shares of "Series A Preferred Stock" at par value to Cabianca.

29. The rights attached to the Series A Preferred Stock that Defendant Cabianca issued to himself include certain extraordinary rights including but not limited to: (i) the holders of the Series A Preferred Stock can redeem their stock at a predetermined redemption price; (ii) the holders of the Series A Preferred Stock shall be entitled to elect a Director of Brinx in connection with each annual election of Directors, whom shall be designated the Series A Director; (iii) the right to block any material action by Brinx since material action by Brinx must be approved by the holders of the majority of the Series A, Preferred Stock (Cabianca.)

30. The effect of the February 10, 2012 Series A Preferred Stock issuance by Cabianca to himself, combined with the rights purportedly afforded by such Series A Preferred Stock ownership, and with his role as controlling Director and sole Officer of Brinx, is to seal Cabianca's complete dominion and control over the affairs of Brinx for his sole benefit.

31. Further, the effect of the Series A Preferred Stock issued by Cabianca to himself was to raise his total percentage of ownership in Brinx by combining the Common and Series A Preferred stock to 12.2% from his previous ownership interest of 10.4%, and to decrease Beckett's percent of ownership in the Company to 11.2%.

32. Cabianca, for the entire period of Beckett's ownership interest in Brinx, has treated Brinx as his personal "piggy bank".

33. On or about April 29, 2013, Defendant Brinx was served with the Original State Complaint in this matter which alleged claims under NRS §78.630, NRS §78.635, NRS §78.650 and NRS §78.655 through NRS §78.695, as well as under §10 (b) and Rule 10 (b-5) of the 1934 Securities Act, 15 U.S.C. §78 (j) (1) and 17 C.F.R. §240.10 (b-5), in addition to a claim under the Sarbanes-Oxley Act of 2002.

34. On or about May 6, 2013, Defendant Brinx issued a Press Release titled "Brinx Resources Provides Corporate Update For 2013." A true and correct copy of the Press Release is attached hereto as Exhibit 1, and incorporated herein by reference.

35. Defendant Brinx and Defendant Cabianca willfully failed to inform Defendant Brinx's stockholders and the public at large of the Original State Complaint.

36. Defendants Brinx and Cabianca's willful failure to inform its stockholders and the public of the Original State Complaint is part of a pattern of omitting material facts that would affect a potential investor's decision in the purchase and sale of securities of Defendant Brinx.

37. Cabianca's actions in this regard include but are not limited to: (i) granting himself Series A Preferred stock in Brinx in 2012 without adequate factual or legal basis or fair consideration of any type; (ii) charging Brinx excessive fees and costs for Cabianca's services and those of Cabianca's family members, including but not limited to, Sarah, who benefitted from the payment of excess monies; (iii) charging Brinx excessive reimbursement for personal expenses for Cabianca and Cabianca's family members, including but not limited to, Sarah, who benefitted from the payment of excess monies; (iv) engaging in unauthorized and illegal related party transactions with Brinx, including but not limited to, with Sarah, who benefitted from said transactions; (v) engaging in a pattern of overt acts of self-dealing and use of corporate

opportunities; (vi) engaging in the sale and transfer of Brinx company assets for Cabianca's personal benefit or for that of Cabianca's family members, including but not limited to, Sarah, who benefitted from said transactions; (vii) appointing Knight to the Board of Directors of Brinx in 2012 to act as his exclusive agent; and (viii) engaging in a pattern of other acts which establish violations of fiduciary duties owed to Beckett.

## FIRST CLAIM FOR RELIEF

### [Violation of Sections (b) and Rule 10(b)(5) of the 1934 Securities Act, 15 U.S.C. § 78j(1) *et. seq.*]
### *Against All Defendants*

38. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 37, above.

39. Based on the above allegations, Defendant Brinx, as well as Defendants Cabianca and Knight, as officers and directors of Brinx, have employed devices, schemes and artifices in connection with the purchase and sale of securities, by use of means and interstate commerce and mail to defraud Beckett in the purchase and sale of securities in violation of Section 10b and Rule 10(b)(5) of the 1934 Securities Act, 15 U.S.C. § 78j(1) and 17 C.F.R. § 240.10(b)(5).

40. Based on the above facts, all Defendants have made intentional false and misleading statements of material fact or have omitted material facts necessary to make such statements not misleading in order to solicit and consummate the purchase and sale of securities from Beckett.

41. Based on the above facts, Beckett, in agreeing to invest in Brinx, reasonably relied on these intentional misrepresentations and was misled by such misrepresentations and by

the deception of Defendants all to his general damage in an amount to be proven at the time of trial.

42. Beckett has been harmed by the intentional misrepresentations and deception of Defendants in the investment of funds in the securities of Brinx.

## SECOND CLAIM FOR RELIEF

**[Violation of Section 20a of the 1934 Securities Act;
15 U.S.C. § 78t(a); Control Person Liability]**
*Against Defendants Cabianca and Knight*

43. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 42, above.

44. Based on the above allegations, Defendants Cabianca and Knight, as officers and directors of Brinx, are persons liable under § 20a of the 1934 Securities Exchange Act, 15 U.S.C. § 78t(a) for violations of Section 10(b) and Rule 10(b)(5) of the 1934 Act, each as a person who directly or indirectly controlled Brinx within the meaning of the Code of Federal Regulations and the 1934 Securities Exchange Act, and who is therefore liable under Section 10(b) and Rule 10(b)(5) of the 1934 Act.

## THIRD CLAIM FOR RELIEF

**[Violation of the Sarbanes- Oxley Act of 2002]**
*Against All Defendants*

45. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 44, above.

46. Based on the above allegations, Defendant Brinx, as well as Defendants Cabianca and Knight, as officers and directors of Brinx, in violation of 15 U.S.C. § 78m(1) failed to

AUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

adequately or timely disclose material information described above, which is necessary and useful for the protection of Beckett and which is in the public interest.

47.     Based on the above allegations, Beckett has been harmed by the intentional failure to disclose material facts.

Based on the foregoing, Plaintiff requests the following relief:

A.     For general damages in an amount to be proven at the time of trial, but which exceed the sum of Seventy-Five Thousand Dollars ($75,000.00);

B.     For costs incurred in bringing this action, together with a reasonable attorney's fee; and

C.     For such other and further relief as the Court deems just and proper.

Dated this 28th day of August, 2013.

MAUPIN, COX & LEGOY

By: _____
Paul J. Anderson
Nevada State Bar No. 709
Attorneys for Plaintiff
4785 Caughlin Parkway
Reno, NV 89519
(775) 827-2000
panderson@mclrenolaw.com

## CERTIFICATE OF SERVICE BY MAIL

I hereby certify that I am an employee of MAUPIN, COX & LeGOY, Attorneys at Law, and in such capacity and on the date indicated below, I caused to be deposited for mailing from a point within the State of Nevada, a sealed envelope which had enclosed therein a true and correct copy of the within document, which envelope had postage fully prepaid thereon, and was addressed as follows:

> John A. Hutchings, Esq.
> Dill Dill Carr Stonbraker & Hutchings, P.C.
> 455 Sherman Street, Suite 300
> Denver, Colorado 80203
>
> Alan J. Lefebvre, Esq.
> William D. Schuller, Esq.
> Kolesar & Leatham
> 400 S. Rampart Blvd., Suite 400
> Las Vegas, Nevada 89145

Dated this 28 day of August, 2013.

/s/ Willow Cornelio
EMPLOYEE