ALAN J. LEFEBVRE, ESQ.
Nevada Bar No. 000848
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 011271
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: alefebvre@klnevada.com
wschuller@klnevada.com

Attorneys for Defendant,
BRINX RESOURCES LTD.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEFFREY R. BECKETT,<br><br>Plaintiff,<br><br>vs.<br><br>BRINX RESOURCES LTD., a Nevada corporation; KENNETH A. CABIANCA, an individual; and GEORGIA KNIGHT, an individual,<br><br>Defendants. | CASE NO.: 3:13-cv-00342-LRH-WGC<br><br>**BRINX RESOURCES LTD.'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |

Defendant, BRINX RESOURCES LTD. ("Brinx"), by and through its attorneys at Kolesar & Leatham, and pursuant to FRCP 12(b)(6), moves that all claims asserted against Brinx in the First Amended Complaint and Jury Demand (the "FAC") be dismissed with prejudice for failure to state a claim upon which relief can be granted. The FAC fails to state a claim upon which can be granted against Brinx for the following reasons:

1. Plaintiff fails to plead the requisite elements of a violation of 78 U.S.C. § 78j(b) ("Section 10(b)") and 17 C.F.R. 240.10b-5 ("Rule 10b-5") (First Claim for Relief).

2. Plaintiff fails to plead as required by 15 U.S.C. § 78 u-4(b) each Brinx statement alleged to have been misleading and the reason or reasons why such statement is misleading (First Claim for Relief).

3. Plaintiff fails to plead the required state of mind pursuant to 15 U.S.C. § 78u4(b)(2) by failing to plead particular facts giving rise to a strong inference that Brinx acted with the required state of mind of scienter (First Claim for Relief).

4. There is no private right of action under 15 U.S.C. § 78m(a) ("Section 13(a)") (Third Claim for Relief).

The FAC is Plaintiff's second attempt to state claims for violation of Section 10(b) and Rule 10b-5 promulgated thereunder (First Claim for Relief), and Section 13(a) (Third Claim for Relief) in this Court. Additionally, Plaintiff attempted to bring the same claims in a related state court action – *Jeffrey R. Beckett v. Brinx Resources Ltd.*, et al., Case No. CV13-00834 in the Second Judicial District Court of the State of Nevada, In and For the County of Washoe. Plaintiff voluntarily dismissed these claims. The three claims contained in the FAC are either barred pursuant to applicable law (Third Claim for Relief) or so inadequately plead (First Claim for Relief) that it is apparent that Plaintiff can plead no set of facts to state a claim for relief for violation of Section 10(b) and Rule 10b-5 promulgated thereunder, and Section 13(a).

For the reasons set forth in this Motion, and as well as set forth in significantly greater detail in the attached Memorandum of Points and Authorities, Brinx moves that all claims against it in this action be dismissed with prejudice.

*****

## MEMORANDUM OF POINTS AND AUTHORITIES

The FAC represents Plaintiff's third attempt to bring claims against Brinx for violation of certain provisions of the Securities Exchange Act of 1934 (the "34 Act"). The two claims contained in the FAC against Brinx are:

1. Violation of 15 U.S.C. § 78j(b) ("Section 10(b)") and 17 C.F.R. 240.10b-5 ("Rule 10b-5") promulgated thereunder (First Claim for Relief); and

2. Violation of 15 U.S.C. § 78m(a) ("Section 13(a)") (Third Claim for Relief).[1]

Plaintiff's first attempt to assert the claims asserted in the FAC occurred in a Complaint filed in a related State Court case of *Jeffrey R. Beckett v. Brinx Resources Ltd., et al.*, Case No. CV13-00838 in the Second Judicial District Court of the State of Nevada, In and For the County of Washoe (the "State Court Case"). After counsel for Brinx advised Plaintiff's counsel the claims under the 34 Act were within the exclusive jurisdiction of United States District Courts (78 U.S.C. § 78aa), Plaintiff voluntarily withdrew those claims from the State Court Case.

Plaintiff's second attempt to state the claims contained in the FAC occurred in a Complaint and Jury Demand which initiated this case [Doc. 1]. Counsel for Brinx believes the Complaint and Jury Demand only attempted to state a claim for relief against Brinx in the Fourth Claim for Relief for violation of 15 U.S.C. § 77k(a). As such, Brinx moved to dismiss the Fourth Claim for Relief [Doc. 5]. In response to this Motion to Dismiss, on August 14, 2013, counsel for Plaintiff emailed counsel for Brinx advising that Plaintiff intended that the First, Second, Third, and Fifth Claims for Relief were also asserted against Brinx. In this same email, Plaintiff acknowledged that the Fourth Claim for Relief was barred by applicable statute of limitations, as set forth in the Brinx Motion to Dismiss, and offered to dismiss the Fourth Claim for Relief against Brinx. *See* **Exhibit 1** attached hereto, email dated August 14, 2013 from Paul J. Anderson, Esq. to Alan J. Lefebvre, Esq. and William D. Schuller, Esq. As a result of this email, and a subsequent telephone conversation among counsel, Plaintiff and Brinx entered into a Stipulation and Order re: Amendment of Complaint and Related Issues, which was filed

---

[1] The Second Claim for Relief purports to be brought against Kenneth A. Cabianca and Georgia Knight and attempts to allege a claim against them of controlling person liability pursuant to 15 U.S.C. § 78t(a). Plaintiff has not yet attempted to serve either individual.

1492787 (8765-1)     Page 3 of 12

August 20, 2013 [Doc. 12]. The Stipulation and Order provided that not only the Fourth Claim for Relief of the Complaint and Jury Demand but also the Fifth Claim for Relief, which purported to assert a claim against Brinx under 15 U.S.C. § 77o of controlling person liability, based upon an alleged violation of 15 U.S.C. § 77k(a) (Fourth Claim for Relief) was also dismissed. This Stipulation and Order was approved by the Court on August 21, 2013 [Doc. 13].

Plaintiff's third attempt to bring his claims under the 34 Act is the FAC filed on August 28, 2013 [Doc. 17]. The FAC is virtually identical to the Complaint and Jury Demand which initiated this case except Plaintiff deleted from the FAC the Fourth and Fifth Claims for Relief contained in the Complaint and Jury Demand. Additionally, Sarah Cabianca was deleted as a Defendant in this case. The FAC attempts to set forth two claims for relief under the 34 Act against Brinx:

1. A claim for relief under 15 U.S.C. § 78(b) ("Section 10(b)") and 17 C.F.R. 240.10b-5 ("Rule 10b-5") promulgated thereunder (First Claim for Relief). According to the FAC, this claim for relief is brought against all Defendants, including Brinx.

2. Liability pursuant to 15 U.S.C. § 78m(a) ("Section 13(a)") (Third Claim for Relief).[2] As is set forth below, the First and Third Claims for Relief fail to state a claim upon which relief can be granted against Brinx and therefore must be dismissed.

### PLAUSIBILITY IS THE STANDARD BY WHICH THE COURT MUST EVALUATE THE FAC'S ALLEGATIONS

In evaluating motions to dismiss pursuant to FRCP 12(b)(6), the court must accept as true all well plead allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). The court need not, however, accept as true bald legal conclusions. *Id*. Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *Metzler Investment GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064-65 (9th Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] Although Mr. Anderson's email of August 14, 2013 stated that the Second Claim for Relief of controlling person liability under 15 U.S.C. § 78t(a) of the Complaint and Jury Demand was brought against Brinx, the Second Claim for Relief in the FAC expressly provides it is only brought against Cabianca and Knight. Neither Cabianca nor Knight have been served as of the date of this filing.

matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. The plausibility standard is not akin to a "probability requirement," but it does ask for more than a sheer possibility that the defendant acted unlawfully. *Id.* Pleadings that offer labels and conclusions or a formulaic recitation of the elements of a cause of action are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65. In the absence of this Court determining that the FAC contains sufficient factual matter to state a claim for relief that is plausible on its face, the FAC must be dismissed.

## PLAINTIFF FAILS TO PROPERLY PLEAD VIOLATION OF SECTION 10(b) AND RULE 10b-5

The required elements of a cause of action under Section 10(b) and Rule 10b-5 are: (i) a material misrepresentation or omission of fact; (ii) scienter, *i.e.*, a wrongful state of mind; (iii) a connection with the purchase or sale of a security; (iv) reliance, also known as transaction causation; (v) economic loss; and (vi) loss causation. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 341-42, 125 S.Ct. 1627, 1631 (2005); *Metzler Investment*, 540 F.3d at 1061. The FAC fails to allege any of the requisite six elements of a Section 10(b) and Rule 10b-5 claim.

The first element is that the FAC must state a material misrepresentation or omission of fact. The FAC alleges no material misrepresentation of fact. The only allegation which borders on the omission of a material fact is paragraph 35, which states "Defendant Brinx and Defendant Cabianca willfully failed to inform Defendant Brinx stockholders and the public at large of the original State Complaint." FAC at ¶ 35. Assuming this is an attempt to state an omission of material fact as to Plaintiff, it does not. The "original State Complaint" filed by Plaintiff, and the failure to inform Plaintiff of the filing of Plaintiff's own "original State Complaint" cannot be an omission of material fact as to Plaintiff.

Further, the Private Securities Litigation Reform Act ("PSLRA") imposes additional requirements on the pleadings of material misrepresentations or omissions of fact. 15 U.S.C. § 78u-4(b)(1) provides the following:

///

///

> In any private action arising under this chapter in which the plaintiff alleges that the defendant-
>
>     (A) made an untrue statement of a material fact; or
>     (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
>
> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

Even if the Court were to infer somewhere within the confines of the FAC an asserted material misrepresentation or omission of fact, the FAC does not specify any <u>statement</u> that has been misleading and certainly makes no allegation of the reason or reasons why any statement or omission of Brinx was misleading as to Plaintiff.

    The second element required is what is known as "scienter," which is a wrongful state of mind. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 197, 199, 96 S.Ct. 1375 (1976). The PSLRA sets forth the requirements for pleading scienter – the required state of mind. To adequately plead scienter, the complaint must, with respect to each act or omission alleged to violate any provisions of the 34 Act, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind. 15 U.S.C. § 78u-4(b)(2). To adequately plead scienter, the complaint must raise a strong inference of scienter, which is a strong inference that the defendant acted with an intent to deceive, manipulate or defraud. *Ernst & Ernst*, 425 U.S. at 193; *Metzler Investment*, 540 F.3d at 1061. The inference must be a powerful or cogent inference. *Tellabs, Inc. v. Makor Issues & Rights,* 551 U.S. 308, 323, 127 S.Ct. 2499, 2510 (2007). The inference of scienter must be more than merely "reasonable" or "permissible" but must be cogent and compelling, thus strong in light of other explanations. *Id.* at 324, 27 S.Ct. at 2510. A complaint will only survive if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged. *Id.* Plaintiff alleges no facts in the FAC which would support a strong and cogent inference that Brinx acted with an intent to deceive, manipulate, or defraud Plaintiff.

There must be a connection between the material misrepresentation or omission and the purchase or sale of a security. The FAC fails to allege any purchase or sale of a security by Plaintiff. The FAC merely alleges that Plaintiff owns a certain number of shares of Brinx. FAC at ¶ 26. If Plaintiff is attempting to base a connection with the purchase or sale of securities element upon the acquisition by Defendant Kenneth Cabianca of 501,000 shares of Series A Preferred Stock, Plaintiff still does not state a claim for a violation of Section 10(b) and Rule 10b-5 as there is no allegation of a material misrepresentation or omission of fact with respect to such a transaction, there is no allegation of particular facts giving rise to a strong, powerful, and cogent inference of an intent to deceive, manipulate, and/or defraud, there is no allegation of reliance or transaction causation, there is no allegation of economic loss to Plaintiff as a result of such transaction, and there is no allegation of loss causation.

Plaintiff fails to make any allegation of reliance or what is known as "transaction causation." Reliance is the requisite cause or connection between a defendant's misrepresentations and a plaintiff's injury, and is a predicate for liability under Section 10(b) and Rule 10b-5. *Basic, Inc. v. Levinson*, 45 U.S. 224, 243, 108 S.Ct. 978 (1988). Reliance, or transaction causation, requires that the alleged material misrepresentation or omission of fact, or other deceptive act, must be in connection with the purchase or sale of any security. *Stonridge Investment Partners, LLC v. Scientific-Atlantic, Inc.*, 552 U.S. 148, 160, 128 S.Ct. 761, 770 (2008). Plaintiff fails to allege reliance on any deceptive act on the part of Brinx. Plaintiff fails to allege any economic loss by virtue of any conduct in violation of Section 10(b) and Rule 10b-5. Plaintiff alleges nothing more than he has been "harmed." FAC at ¶¶ 42, 47.

The economic loss element is closely related to the loss causation requirement of adequately pleading a Section 10(b) and Rule 10b-5 cause of action. Loss causation is the causal connection between the material misrepresentation and the plaintiff's loss. *Dura Pharmaceuticals*, 544 U.S. at 342, 125 S.Ct. at 1631. A complaint fails to allege loss causation if it does not provide a defendant with notice of what the relevant economic loss might be or of what the causal connection between the loss and the misrepresentation or omission may be. Nowhere does the FAC provide Brinx with notice of what Plaintiff's relevant economic loss

might be or of what the causal connection might be between an economic loss or a material misrepresentation or omission of fact. The failure to adequately allege economic loss and loss causation renders the First Claim for Relief deficient. *Id.* at 347, 125 S.Ct. at 1634.

In attempting to plead a claim for violation of Section 10(b) and Rule 10b-5, the FAC could not be more deficient as it fails to plead any of the requisite elements of a claim under Section 10(b) and Rule 10b-5 in accordance with the requirements of the PSLRA. The First Claim for Relief literally screams "dismissal."[3] The First Claim for Relief, for failure to plead even one requisite element of a Section 10(b) and Rule 10b-5 claim, must be dismissed for failure to state a claim upon which relief can be granted, and for the reasons set forth below, should be dismissed with prejudice.

## THERE IS NO PRIVATE RIGHT OF ACTION FOR VIOLATION OF SECTION 13(a)

The Third Claim for Relief asserts a claim against Brinx for violation of Section 13(a) of the 34 Act purportedly for failing to adequately and timely disclose material information "described above." Simply put, there is no private right of action for violation of Section 13(a). *In re Penn Central Securities Litigation*, 494 F.2d 528, 539-40 (3rd Circuit 1974); *Gray v. Furia Organization, Inc.*, 896 F.Supp. 144, 146 (S.D.N.Y. 1995); *Srebnik v. Dean*, 2006 WL 2790408 at *3 (D. Colo. 2006). As each of the foregoing courts recognize, as well as numerous other courts, the exclusive remedy for violation of Section 13(a) is found in Section 18(a) of the 34 Act (15 U.S.C. § 78r(a)). *Id.* The foregoing courts have recognized that there is nothing in the language or history of the 34 Act which indicates that Congress intended to create a private right of action under Section 13(a). This conclusion is supported by the fact that Congress did provide the remedy for certain types of violations of Section 13(a) in Section 18(a) of the 34 Act.

///

///

///

---

[3] The deficiencies in the First Claim for Relief are so glaring and obvious that perhaps Plaintiff's counsel is in need of a tutorial on the requirements for pleading federal securities fraud claims.

Plaintiff has not brought his Third Claim for Relief under Section 18(a) of the 34 Act, but brings it under Section 13(a) of the 34 Act, for which there is no private right of action. Thus, the Third Claim for Relief fails to state a claim upon which relief can be granted as to Brinx and must be dismissed.

### THE FIRST AND THIRD CLAIMS FOR RELIEF AGAINST BRINX SHOULD BE DISMISSED WITH PREJUDICE

FRCP 15(a)(2) provides that a District Court "should freely give leave [to amend] when justice so requires." A bare request in an opposition to dismiss, without any indication of a particular ground on which amendment is sought, does not constitute a motion within the contemplation of Rule 15(a). *Rollins v. Wackenhut Services, Inc.*, 703 F.3d 122, 131 (D.C.Cir. 2012). LR 15.1(a) provides the following concerning amended pleadings:

> Unless otherwise permitted by the Court, the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to in such pleading.

Thus, if Plaintiff seeks leave to amend the FAC in an effort to avoid dismiss with prejudice, he must file a motion to amend pursuant to FRCP 15(a) and attach to it the proposed amended pleading. In the absence of doing so, and in the event the Court grants the motion to dismiss, the dismissal is with prejudice. FRCP 41(b); *Rollins*, 703 F.3d at 132 (concurring opinion).

Regardless of any motion to amend which Plaintiff may file to cure the deficiency of the FAC, no motion to amend can cure the deficiency of the Third Claim for Relief under which no private right of action exists. Thus, regardless of whether Plaintiff files a motion to amend pursuant to FRCP 15(a), the Third Claim for Relief must be dismissed with prejudice. In the event Plaintiff does file a motion to amend pursuant to FRCP 15(a) and LR 15-1(a), Brinx has an opportunity to respond as to whether the motion to amend should be granted. However, in the absence of a proper motion to amend in the face of granting this Motion to Dismiss, the dismissal is with prejudice. FRCP 41(b).

The purpose of the PSLRA is to discourage the commencement of frivolous securities fraud claims and deter abusive litigation. *De La Fuente v. DCI Telecommunications, Inc.*, 259

F.Supp.2d 250, 262-63 (S.D.N.Y. 2003). The PSLRA is also a limit on FRCP 15(a)'s provision of freely granting leave to amend. In *In re Champion Enterprises, Inc. Securities Litigation*, 145 F.Supp.2d 871 (E.D. Mich. 2001), the court considered whether the PSLRA serves to restrict the provisions of FRCP 15(a) that leave to amend be freely given. The *Champion* Court noted this was a question of first impression in the Federal court system. *Id.* at p. 872.[4] In *Champion*, the Court held that allowing a plaintiff to repeatedly amend a deficient securities fraud complaint rendered the purposes of the PSLRA – curbing frivolous claims and preventing abusive litigation – meaningless. The *Champion* Court noted the requirements of 15 U.S.C. § 78u-4(b)(3)(A), which requires that in any private action arising under the 34 Act, the Court <u>shall</u> on motion of any defendant dismiss the complaint if the pleading requirements are not met. Reviewing the PSLRA, the *Champion* Court found that the plain language of the PSLRA does not contemplate amending pleadings; instead it sets a high standard of pleading which if not met results in mandatory dismissal. The court found that the necessary goal of this language of the PSLRA is that dismissal should be with prejudice; otherwise the purpose of the legislation would be abrogated. *Id.* at 873.

In particular, the *Champion* Court quoted the following from the legislative history of the PSLRA:

> The objective: to provide a filter at the earliest state (the pleading stage) to screen out lawsuits that have no factual basis. To provide a clearer statement of plaintiff's claim and scope of the case. To encourage attorneys to use greater care in drafting their complaints. To make it easier for innocent defendants to get their cases against them dismissed in the early process.

Selective bill provisions of the Conference Report to H.R. 1058/S. 240, 141 Cong. Rec. S19152 (daily ed. Dec. 22, 1995). The report went on to state:

> Under the conference agreement the complaint must set forth the facts supporting <u>each</u> of the alleged misrepresentations or omissions and must include facts that give rise to a "strong inference" of scienter or intent. <u>If the complaint does not meet these requirements the lawsuit must be terminated.</u>

*Id.*

---

[4] Counsel has been unable to locate any case since the *In re Champion Enterprises, Inc. Securities Litigation* which has directly considered this question.

The FAC is now Plaintiff's third attempt to get it right and it is still a long way from right. Giving Plaintiff a fourth opportunity to "get it right" would be undermining the very purpose of the PSLRA. Giving effect to the very purposes for which Congress enacted the PSLRA, a stricter requirement than that imposed by FRCP 15(a) should be imposed which, in this case, requires dismissing the FAC with prejudice.

## CONCLUSION

The FAC is Plaintiff's woefully deficient third attempt to bring claims against Brinx under the 34 Act. The FAC lacks merit in so many ways it gives rise to a strong inference that it is brought for nothing more than to multiply proceedings against Brinx, and is therefore vexatious.[5] For the reasons set forth herein, all claims against Brinx contained in the FAC should be dismissed with prejudice.

DATED this 11th day of September, 2013.

KOLESAR & LEATHAM

By _____
ALAN J. LEFEBVRE, ESQ.
Nevada Bar No. 000848
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 011271
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

Attorneys for Defendant,
BRINX RESOURCES LTD.

---

[5] For this reason, as well as the mandate of 15 U.S.C. § 78u-4(c), filed concurrently herewith is Brinx Resources Ltd.'s Motion for Attorneys' Fees and Costs.

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham, and that on the 11th day of September, 2013, I caused to be served a true and correct copy of foregoing **BRINX RESOURCES LTD.'S MOTION TO DISMISS** in the following manner:

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written:

Paul J. Anderson
Maupin, Cox & McGoy
4785 Caughlin Parkway
Reno, NV 89519
*Attorneys for Plaintiff*

Richard E. Rassel, Esq.
Ernest J. Essad, Jr., Esq.
Williams, Williams, Rattner & Plunkett, P.C.
380 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
*Attorneys for Plaintiff*

John A. Hutchings, Esq.
Dill, Dill, Carr, Stonbraker & Hutchings, P.C.
455 Sherman Street, Suite 300
Denver, CO 80202
*Attorneys for Defendants*

An Employee of KOLESAR & LEATHAM

**EXHIBIT 1**

**EXHIBIT 1**

## Jack Hutchings

| | |
|---|---|
| **From:** | William D. Schuller <wschuller@klnevada.com> |
| **Sent:** | Wednesday, August 14, 2013 2:40 PM |
| **To:** | Jack Hutchings |
| **Cc:** | Alex Flangas (AFlangas@hollandhart.com); Marie K. Burns |
| **Subject:** | FW: Beckett v. Brinx Resources, Ltd.--Federal Court Action (8765-1) |

Please see the email from opposing counsel received this morning.

**William D. Schuller, Esq.**
Associate



KOLESAR & LEATHAM
ATTORNEYS AT LAW

P: 702.362.7800 F: 702.362.9472
Web: www.klnevada.com  Bio: Attorney Bio
400 S. Rampart Blvd. | Suite 400 | Las Vegas | NV 89145

This communication (including any attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any use of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.

---

**From:** Anderson, Paul [mailto:panderso@mclrenolaw.com]
**Sent:** Wednesday, August 14, 2013 8:50 AM
**To:** Alan J. Lefebvre; William D. Schuller
**Cc:** Richard E. Rassel (RERassel@WWRPLaw.com); Ernie J. Essad (EJEssad@WWRPLaw.com); May A. Saad (MASaad@WWRPLaw.com); Waggoner, Debra
**Subject:** Beckett v. Brinx Resources, Ltd.--Federal Court Action

Alan and William:

I just left a message with Alan's office to call me tomorrow to discuss some issues regarding the federal court case. I thought I would send this email to outline the issues to hopefully streamline our discussion tomorrow. Before I get into that I would like to congratulate you on your appointment as President of the Nevada State Bar Association. I wish you the best of luck in the coming year in your presidency.

As to the federal court action, I want to discuss a method to resolve what could turn into more motions in the near future and which will only lead to increased costs to our respective clients and delay in the proceedings. As you know, you filed a motion to dismiss the fourth cause of action in the federal complaint, alleging that the other claims, i.e., claims one, two, three and five, did not apply to Brinx Resources. It is our belief that those claims do in fact apply against the corporation and that a reasonable reading of the complaint by the court would lead to that conclusion. While we may argue about that the bottom line at this point is that Brinx has not responded to those claims and is subject to default as to those claims at this time. Instead of obtaining a clerks default we would propose resolving this matter as stated below.

1

First, Beckett will agree to a dismissal of the fourth claim for relief based on the statute of limitations argument set forth in the motion to dismiss. In exchange, the parties will stipulate that Beckett can file an amended complaint to more directly and clearly state the other four claims against Brinx and the individual defendants. Brinx will agree to accept service of process as to all the Defendants once the amended complaint is filed. Beckett will allow Brinx and the individual Defendants additional time (within reason) to respond to the amended complaint.

I look forward to speaking with you tomorrow as to these matters. I will prepare the stipulation and order addressing these issues assuming we have an agreement.

Paul

CONFIDENTIALITY -- This message is intended to be confidential and directed only to the person/entity as addressed above. Furthermore, the contents of this message and any attachments hereto may be subject to the attorney-client privilege and/or work product doctrine and should not be disclosed to other parties or distributed or copied in any way. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this message by error, please reply by e-mail to inform us and delete any copies from your hard drive. Thank you.

Paul J. Anderson
Maupin, Cox & LeGoy
4785 Caughlin Parkway
P. O. Box 30,000
Reno, NV 89519 / 89520 (PO Box)
Phone: 775-827-2000
Fax: 775-827-2185
Email: panderson@mclrenolaw.com