ALAN J. LEFEBVRE, ESQ.
Nevada Bar No. 000848
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 011271
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: alefebvre@klnevada.com
wschuller@klnevada.com

Attorneys for Defendant,
BRINX RESOURCES LTD.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JEFFREY R. BECKETT,

Plaintiff,

vs.

BRINX RESOURCES LTD., a Nevada corporation; KENNETH A. CABIANCA, an individual; and GEORGIA KNIGHT, an individual,

Defendants.

**CASE NO.: 3:13-cv-00342-LRH-WGC**

**BRINX RESOURCES LTD.'S MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant, BRINX RESOURCES LTD. ("Brinx"), by and through its attorneys Kolesar & Leatham, and pursuant to 28 U.S.C. § 1927, this Court's inherent powers, and 15 U.S.C. § 78u-4(c), moves that this Court award to it, and against Plaintiff and/or his counsel, all attorneys' fees and costs incurred in the defense of Plaintiff's claims. In support of this Motion, Brinx files the attached Memorandum of Points and Authorities

///

///

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**MEMORANDUM OF POINTS AND AUTHORITIES**

Brinx has moved to dismiss the claims against it contained in Plaintiff's First Amended Complaint and Jury Demand (the "FAC") pursuant to FRCP 12(b)(6). The FAC is Plaintiff's third attempt to assert claims against Brinx for various violations of the Securities Exchange Act of 1934 (the "34 Act"). Like the first two attempts, the FAC's claims against Brinx are frivolous and thus brought in bad faith and vexatiously. Pursuant to 28 U.S.C. § 1927 ("Section 1927"), Plaintiff's counsel is subject to sanctions, including an award in favor of Brinx for its costs and attorneys' fees incurred in defending this action. Further, pursuant to this Court's inherent powers to curb abusive and frivolous litigation, Plaintiff's counsel is subject to sanctions, including an award in favor of Brinx of its costs and attorneys' fees incurred in defending this action for the bringing of a frivolous complaint in bad faith and in a vexatious manner. Finally, pursuant to 15 U.S.C. § 78u-4(c), if this Court dismisses the FAC with prejudice, this Court must include in the record specific findings regarding compliance by each party, and each attorney representing any party, with each requirement of FRCP 11(b) ("Rule 11(b)"). The FAC violates Rule 11(b)(1) and (2) and thus the Court must impose sanctions against Plaintiff and/or his attorneys. 15 U.S.C. § 78(c)(2).

**THE SHORT YET FRIVOLOUS PROCEDURAL HISTORY**

Plaintiff, JEFFREY R. BECKETT ("Beckett"), first attempted to bring claims against Brinx under the 34 Act in a state court action captioned *Jeffrey R. Beckett v. Brinx Resources Ltd., Kenneth A. Cabianca, Georgia Knight, and Sarah Cabianca*, Case No. CV13-00834, in the Second Judicial District Court of the State of Nevada in and for the County of Washoe (the "State Court Case"). The Complaint is attached hereto as **Exhibit 1**. The Third Claim for Relief in the Complaint in the State Court Case was purportedly for a violation of Section 15 U.S.C. § 78j(b) ("Section 10(b)') and 17 C.F.R. § 240.10b-5 ("Rule 10b-5") promulgated thereunder. The Fourth Claim for Relief of the State Court Complaint was purportedly for a violation of 15 U.S.C. § 78t(a) ("Section 20(a)") purporting to allege controlling liability against Defendants KENNETH A. CABIANCA and GEORGIA KNIGHT. The Fifth Claim for Relief of the State Court Complaint attempted to allege a violation of 15 U.S.C. § 78m(1) ("Section 13(a)"). After

counsel for Brinx advised Plaintiff's counsel that it is only District Courts of the United States that have exclusive jurisdiction of claims brought under the 34 Act (15 U.S.C, § 78aa), Plaintiff withdrew the Complaint in the State Court and thereafter filed a First Amended Complaint in the State Court Case, which omitted the three claims under the 34 Act asserted in the Complaint.

Shortly thereafter, on June 26, 2013, Beckett filed a Complaint and Jury Demand in this Court against Brinx, as well as Kenneth A. Cabianca, Georgia Knight, and Sarah Cabianca [Doc. 1]. The Complaint and Jury Demand asserted the same three claims for relief under the 34 Act asserted in the State Court Complaint (*see* **Exhibit 1** attached hereto) and also alleged claims for violation of 15 U.S.C. § 77k(a) under the Securities Act of 1933 (Fourth Claim for Relief) and a claim for relief for violation of 15 U.S.C. § 77o (Fifth Claim for Relief), again under the Securities Act of 1933, alleging controlling person liability against Kenneth Cabianca and Georgia Knight, purportedly based upon the alleged violation of 15 U.S.C. § 77k(a). A comparison of the Complaint filed in the State Court Case and the Complaint and Jury Demand filed in this case reveals that except for the addition of a Fourth and Fifth Claim in the Complaint and Jury Demand in this case, the filings are identical. From a plain reading of the Complaint and Jury Demand, counsel for Brinx believed the only claim facially asserted against Brinx in the Complaint and Jury Demand was the Fourth Claim for Relief. Brinx moved to dismiss the Fourth Claim for Relief for various reasons, including that the claim was barred by the statute of limitations provision of 15 U.S.C. § 77m [Doc. 5].

In response to Brinx' Motion to Dismiss, on August 14, 2013, counsel for Plaintiff emailed Brinx' counsel (*see* **Exhibit 2** attached hereto, email from Paul J. Anderson, Esq. to Alan J. Lefebvre, Esq. and William D. Schuller, Esq.). Anderson advised Brinx' counsel that not just the Fourth Claim for Relief of the Complaint and Jury Demand, but each and every one of the five claims for relief contained in the Complaint and Jury Demand, was asserted against Brinx. Anderson, on behalf of Plaintiff, then offered to dismiss the Fourth Claim for Relief on the basis that it was barred by the statute of limitations, as set forth in Brinx' Motion to Dismiss. In exchange, the parties would stipulate that Plaintiff could file an Amended Complaint to "more directly and clearly state the other four claims against Brinx..." *Id.*

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

On August 19, 2013, a conference call occurred amongst all of Plaintiff's counsel and Brinx' counsel, the topic of which was Anderson's August 14, 2013 email and the proposals contained therein. In this telephone conversation, Brinx' counsel attempted to advise Plaintiff's counsel that the entire Complaint and Jury Demand was materially deficient in its effort to state any claim for relief against any Defendant under the 34 Act and the Securities Act of 1933. Plaintiff's counsel refused to discuss the matter, and advised Brinx' counsel that they did not need a tutorial on securities law. Despite Plaintiff's counsel's refusal to discuss the adequacy of the Complaint and Jury Demand, Brinx' counsel was able to make two specific points, apparently heeded by Plaintiff's counsel. The first was that absent a substantive violation of the Securities Act of 1933, such as, a violation of 15 U.S.C. § 77k(a), there could be no violation of the controlling person liability provision of the Securities Act of 1933, 15 U.S.C. § 77o. The second was that the only allegation in the Complaint and Jury Demand against Defendant Sarah Cabianca was that on information and belief, she was a resident of Nevada and the daughter of Kenneth A. Cabianca. This, in the opinion of Brinx' counsel, was insufficient to state a claim against Sarah Cabianca under any provision of the 34 Act.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

In an effort to avoid unnecessary motions which impose additional expense on the parties and burden the Court, and based upon Anderson's representation that an amended complaint would "more directly and clearly state the other four claims against Brinx…," Brinx stipulated that Beckett may file an Amended Complaint [Doc. 13]. Thereafter, on August 28, 2013, Plaintiff filed the FAC [Doc. 17]. Except for the deletion of the Fourth and Fifth Claims for Relief, and the deletion of Sarah Cabianca as a Defendant, the FAC is virtually word-for-word identical to the Complaint and Jury Demand filed in this case [Doc. 1] and the Complaint filed in the State Court Case (**Ex. 1**), insofar as it asserted claims under the 34 Act. Thus, the FAC represents a third attempt by Plaintiff to state claims against Brinx under the 34 Act.

Brinx' Motion to Dismiss filed concurrently with this Motion, points out that the First Claim for Relief, an alleged violation of Section 10(b) and Rule 10b-5, fails to allege even one of the requisite elements of such a claim. The Second Claim for Relief is not brought against Brinx. The Motion to Dismiss points out that there exists no private right of action for the Third

Claim for Relief, purportedly brought under Section 13(a). The FAC, which represents a third attempt to allege viable claims against Brinx under the 34 Act is so deficient that it can only be deemed frivolous, supporting a conclusion by this Court that it was brought in bad faith and vexatiously. As set forth in Brinx' Motion to Dismiss, the FAC should be dismissed with prejudice. A dismissal with prejudice of the FAC, under the circumstances presented in this case, fully supports an award against Plaintiff and/or its counsel in favor of Brinx of all of the attorneys' fees and costs Brinx incurred in defending this action.

**UPON DISMISSAL WITH PREJUDICE, THIS COURT MAY AWARD ATTORNEYS' FEES AND COSTS IN FAVOR OF BRINX**

Upon dismissal of the FAC with prejudice, there exist three separate and independent bases upon which this Court may award attorneys' fees and costs against Plaintiff and/or his counsel in favor of Brinx. These are: (i) Section 1927; (ii) the inherent powers of this Court; and (iii) 15 U.S.C. § 78u-4(c). Each of the foregoing authorizes this Court to award all or a portion of the attorneys' fees and costs incurred by Brinx in this action. Each is addressed separately below.

**Section 1927 Authorizes an Award of Attorneys' Fees and Costs**

28 U.S.C. § 1927 provides in pertinent part that:

> Any attorney…who so multiplies the proceeding in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 authorizes sanctions only for the multiplication of proceedings, applying only to unnecessary filings and tactics once a lawsuit has begun. *In re Keegan Management Company Securities Litigation*, 78 F.3d 431, 435 (9th Cir. 1996). Section 1927 does not apply to initial proceedings in a case. *Zaldivar v. Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). Section 1927 sanctions require a finding of recklessness or bad faith. *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). Bad faith is present when an attorney knowingly or expressly raises a frivolous argument. *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). And finally, a filing submitted recklessly is frivolous. *In re Keegan*, 78 F.3d at 435.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

A "frivolous" filing is one that is both baseless and made without a reasonable and competent inquiry. *In re Keegan*, 78 F.3d at 434. The determination of whether a filing is "frivolous" and subject to Section 1927 sanctions requires a specific finding of subjective bad faith by counsel. *Id.* at 436. A finding by a court that a plaintiff has filed a baseless complaint for an improper purpose against defendants is sufficient to support a specific finding of subjective bad faith by counsel and the imposition of Section 1927 sanctions. *Sanchez v. Bank of America*, 2010 WL 2889033 at *3 (N.D. Cal. 2010); *see also*, *Moline v. Trans Union LLC*, 222 F.R.D. 346 (N.D. Ill. 2004) (imposing sanctions under Section 1927 for the filing and pursuit of a complaint stating groundless claims which lacked merit).

The FAC is, in fact, Plaintiff's third attempt to bring claims under the 34 Act against Brinx. The FAC is no better plead than the Complaint in the State Court Case and the Complaint and Jury Demand which initiated this case. The claims are so baseless and clearly made without a reasonable and competent inquiry as to meet the definition of "frivolous." As frivolous, the FAC supports a finding of subjective bad faith warranting the imposition of sanctions under Section 1927. Sanctions imposed by this Court for Plaintiff's Counsel's violation of Section 1927 should be the attorneys' fees, costs, and expenses Brinx incurred in this matter.

**Sanctions are Properly Awarded Against Plaintiff and His Counsel Under the Court's Inherent Powers in Response to Abusive Litigation Practices**

Federal courts have inherent powers to assess attorney's fees against counsel. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 2463 (1980). The Supreme Court has acknowledged that District Courts have inherent power to levy sanctions in response to abusive litigation practices. *Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S. Ct. 1386, 1389 (1962). A court may assess reasonable attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133 (1991). Under the court's inherent powers, bad faith may be found in actions that led to the lawsuit, the filing of a meritless complaint, and in the conduct of litigation. *Hall v. Cole*, 412 U.S.1, 15, 93 S.Ct. 1943, 1951 (1973).

///

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

Several differences exist in evaluating whether sanctions may be awarded by the court under Section 1927 and under the court's inherent powers. Under the court's inherent powers, actions leading up to the lawsuit, as well as the complaint, and the conduct of litigation are all sanctionable by an award of attorneys' fees and costs, while, under Section 1927, generally the initial complaint is exempt from Section 1927 sanctions. Recklessness is an applicable standard for the imposition of sanctions under Section 1927 while under the court's inherent powers, the court must find bad faith on counsel's part. *In re Keegan*, 78 F.3d at 436.

A finding of bad faith against Plaintiff's counsel is warranted. As has been stated, the FAC is Plaintiff's third attempt to bring claims under the 34 Act against Brinx. The first attempt was an improper attempt to bring such claims in state court contrary to 15 U.S.C. § 78aa, which vests exclusive jurisdiction of claims under the 34 Act in the United States District Courts. After Brinx obtained a dismissal of those claims, Plaintiff not only re-filed those claims, but claims under the Securities Act of 1933, which were barred by statute of limitations, among other reasons in this Court. Brinx then had to obtain dismissal of the claims under the Securities Act of 1933 from Plaintiff and, in another effort to bring claims under the 34 Act, Plaintiff essentially re-filed the exact same 34 Act claims as were filed in the State Court Case and as were included in the Complaint and Jury Demand. As set forth in Brinx' Motion to Dismiss, one of those claims, the Third Claim for Relief, is barred because there exists no private right of action for the claim. The other claim, the First Claim for Relief, fails to even plead one requisite element of a violation of Section 10(b) and Rule 10b-5.

The foregoing facts and circumstances clearly demonstrate that Plaintiff's counsel has failed to do any reasonable factual or legal investigation into whether there exist plausible claims against Brinx under the 34 Act. Plaintiff's Counsel's actions before the bringing of this lawsuit in failing to conduct a reasonable factual and legal investigation into the plausibility of claims brought in the Complaint and Jury Demand and FAC, Plaintiff's counsel's conduct in bringing the frivolous Complaint and Jury Demand and FAC against Brinx, and Plaintiff's continuation of bringing baseless and meritless claims against Brinx, all more than justify a determination that Plaintiff's counsel has acted in bad faith. In such circumstances, this Court's exercise of its

inherent powers to curb and prevent abusive litigation practices should be invoked. Plaintiff's counsel should be sanctioned for the full amount of attorneys' fees and costs incurred in this matter by Brinx.

**If the FAC is Dismissed With Prejudice, then the Court Must Make Specific Findings of Compliance by Each Party With FRCP 11(b)**

15 U.S.C. § 78u-4(c)(1) provides, that upon final adjudication of an action:

> [t]he court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

15 U.S.C. § 78u-4(c)(2) provides for mandatory sanctions requiring the following:

> If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure. Prior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the Court shall give such party or attorney notice and an opportunity to respond.

Finally, 15 U.S.C. § 78u-4(c)(3)(A) provides a presumption in favor of attorneys' fees and costs as follows:

> Subject to subparagraphs (B) and (C), for purposes of paragraph (2) the court shall adopt a presumption that the appropriate sanction-. . .
>
> (ii) for substantial failure of any complaint to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action.

FRCP 11(b) provides in relevant part:

> By presenting to the court a pleading…an attorney or unrepresented party certifies to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;…

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

A "final adjudication" occurs upon a terminating decision, including a dismissal with prejudice without leave to amend. *Demarco v. Depotech Corp.*, 131 F.Supp.2d 1185, 1187 (S.D. Cal. 2001); *affirmed* 32 Fed. Appx. 260 (2002). If this Court dismisses the FAC with prejudice, as Brinx has argued for in its Motion to Dismiss, such would be a final adjudication requiring the Court to follow the mandates of 15 U.S.C. § 78u-4(c). The mandates of 15 U.S.C. § 78u-4(c) are part of the Private Securities Litigation Reform Act ("PSLRA"), which was an effort to curb perceived abuses of securities litigation, including the bringing of meritless and frivolous securities fraud actions. *De La Fuente v. DCI Telecommunications, Inc.*, 259 F.Supp.2d 250, 262-63 (S.D.N.Y. 2003). 15 U.S.C. § 78u-4(c) was intended to put "teeth" into Rule 11. Where a filing is frivolous, Rule 11 sanctions should be granted. A frivolous filing is both: (i) baseless; and (ii) made without a reasonable and competent inquiry. *Demarco*, 131 F.Supp.2d at 1188. The policy behind the PSLRA not only favors but strongly supports the imposition of sanctions for the bringing of frivolous claims. *De La Fuente*, 259 F.Supp.2d at 262-63.

Plaintiff's counsel has clearly violated Rule 11(b)(2). The claims brought against Brinx, for a violation of Section 10(b) and Rule 10b-5, and Section 13(a) are not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law. The elements of a Section 10(b) and Rule 10b-5 claim are well established by virtually every Federal District Court, every Circuit Court of Appeals, as well as the United States Supreme Court. Plaintiff's failure to even adequately plead one of the requisite elements of a Section 10(b) and Rule 10b-5 claim are a clear and unequivocal violation of Rule 11(b)(2). Even more strongly in support of Rule 11(b)(2) sanctions is Plaintiff's bringing of a claim under Section 13(a), for which courts have ruled there exists no private right of action. The Complaint and Jury Demand, as well as the FAC, violate the requirements of Rule 11(b)(2) making the imposition of sanctions of Brinx' reasonable attorneys' fees and expenses mandatory under 15 U.S.C. § 78u-4(c)(2) and (3).

A review of the totality of Plaintiff's actions also support a violation of, and sanctions for a violation of, Rule 11(b)(1). As the State Court Complaint shows, in addition to the improperly brought 34 Act claims, Plaintiff brought claims for what may be characterized as alleged

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

corporate abuses of Brinx officers and directors. The same allegations brought in the State Court Complaint to support claims of "corporate abuses" are the same allegations Plaintiff brings to support violations of the 34 Act. Plaintiff's problem is, however, that even if such allegations may support claims for corporate improprieties, they clearly do not support claims for securities fraud. Thus, the bringing of such materially deficient claims in two different forums clearly supports the finding of a violation of Rule 11(b)(1) that this present action is brought for an improper purpose of harassing Brinx and causing Brinx to needlessly incur excessive and unwarranted costs of litigation.

## CONCLUSION

The Complaint and Jury Demand originally brought, and the FAC, are exemplary of frivolous claims and abusive litigation practice. As such, the Court should set an example to curb and prevent such future conduct by sanctioning Plaintiff's counsel to the full extent permitted by law which, in this case, is a full award of all attorneys' fees, costs, and expenses Brinx incurred in this action.

DATED this 11th day of September, 2013.

KOLESAR & LEATHAM

By [signature]
ALAN J. LEFEBVRE, ESQ.
Nevada Bar No. 000848
WILLIAM D. SCHULLER, ESQ.
Nevada Bar No. 011271
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

Attorneys for Defendant,
BRINX RESOURCES LTD.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Kolesar & Leatham, and that on the 11th day of September, 2013, I caused to be served a true and correct copy of foregoing **BRINX RESOURCES LTD.'S MOTION FOR ATTORNEYS' FEES AND COSTS** in the following manner:

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written:

Paul J. Anderson
Maupin, Cox & McGoy
4785 Caughlin Parkway
Reno, NV 89519
*Attorneys for Plaintiff*

Richard E. Rassel, Esq.
Ernest J. Essad, Jr., Esq.
Williams, Williams, Rattner & Plunkett, P.C.
380 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
*Attorneys for Plaintiff*

John A. Hutchings, Esq.
Dill, Dill, Carr, Stonbraker & Hutchings, P.C.
455 Sherman Street, Suite 300
Denver, CO 80202
*Attorneys for Defendants*

An Employee of KOLESAR & LEATHAM

# EXHIBIT 1

EXHIBIT 1

FILED
Electronically
04-16-2013:09:18:33 AM
Joey Orduna Hastings
Clerk of the Court
Transaction # 3662349

CODE: $1425

PAUL J. ANDERSON, ESQ.
Nevada State Bar No. 709
Maupin, Cox & LeGoy
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 827-2000
Facsimile: (775) 827-2185
Attorneys for Plaintiff
panderson@mclrenolaw.com

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| JEFFREY R. BECKETT, Plaintiff, vs. BRINX RESOURCES LTD., a Nevada corporation, KENNETH A. CABIANCA, an individual, GEORGIA KNIGHT, an individual, SARAH CABIANCA, an individual, and Does 1-25, inclusive, Defendants. | CASE NO. CV13-00834<br>DEPT. 9 |

## COMPLAINT

Plaintiff, Jeffrey R. Beckett, by and through his attorneys, Maupin, Cox and LeGoy, and for his Complaint against the Defendants states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff, Jeffrey R. Beckett ("Plaintiff" or "Beckett"), is a citizen and resident of the State of Michigan.



MAUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

2. Defendant Brinx Resources Ltd. ("Brinx") is a Nevada corporation, organized and existing in accordance with the laws of the State of Nevada, and doing business in the State of Nevada.

3. Defendant Kenneth A. Cabianca ("Cabianca") is, upon information and belief, a resident of Nevada, and is: (i) the Chief Executive Officer, President and Chairman of the Board of Brinx; (ii) the controlling member of the Board of Directors of Brinx; (iii) a holder of the Common and Series A Preferred stock of Brinx; and (iv) a participant in the conspiracy among the Defendants to defraud Beckett described below.

4. Defendant Georgia Knight ("Knight") is, upon information and belief, a resident of Nevada, and is: (i) a member of the Board of Directors of Brinx; and (ii) a participant in the conspiracy among the Defendants to defraud Beckett described in greater detail below.

5. Defendant Sarah Cabianca ("Sarah") is, upon information and belief, a resident of Nevada, is the daughter of Cabianca and is a participant in the conspiracy among the Defendants to defraud Beckett described below.

6. Defendant Does 1-25, inclusive are, upon information and belief, individuals, associations, corporations, partnerships, limited liability companies, or other entities who are, or who may be, libel to Plaintiff for the damages suffered by Plaintiff as alleged herein. Plaintiff requests permission to amend his Complaint to insert the true names and identities of Does 1-25, inclusive, when the true names and/or identities of Does 1-25, inclusive become known to Plaintiff.

7. The matter in controversy in this litigation involves questions of Nevada and federal law. Jurisdiction in this matter is proper in the Second Judicial District Court of the State of Nevada, in and for Washoe County, Nevada.



MAUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

8. Venue is proper in the Second Judicial District Court, because the actions or occurrences alleged in this Complaint occurred in Washoe County, Nevada and as such the cause of action stated herein accrued in whole or in part in Washoe County, Nevada.

9. The Resident Agent for Brinx is identified in public records as the Corporation Trust Company of Nevada located at 311 South Division Street, Carson City, Nevada 89703-4202.

## General Allegations

10. The claims in this case flow from a conspiracy among the Defendants to defraud Beckett, and other similarly situated stockholders in Brinx, of the value of his and their investment in Brinx, a Nevada entity owned only in part by, but completely controlled and dominated for the personal benefit of, Cabianca.

11. The Defendants in this matter, acting in concert in Washoe County, Nevada and elsewhere, conspired to defraud Beckett, through unlawful means and by the use of false pretenses in violation of common law, tort and statutory prohibitions.

12. According to its web site Brinx is a successful, expanding oil and gas production and exploration company focused on developing oil and natural gas reserves. Brinx's current focus is on the continued development and exploration of its diverse land portfolio comprised of working interests in Oklahoma, Mississippi and California.

13. Brinx's Common stock trades on various "penny stock" or "pink sheet" public stock exchanges and is available for sale or purchase by the general public.

14. According to public information available regarding Brinx, the corporation currently has outstanding 25,000,000 shares of Common stock.



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

15. The approximate value of a share of Brinx Common stock as of the date of this filing is $.07 per share.

16. Pursuant to the Articles of Incorporation filed on or about December 23, 1998, the business and affairs of Brinx are to be managed by a Board of Directors which shall exercise all of the powers of the corporation except as otherwise provided in the Bylaws or otherwise in the Articles of Incorporation or by the laws of the State of Nevada.

17. The Bylaws for Brinx provide that subject only to such limitations as may be provided by law or in the Articles of Incorporation, the Board of Directors shall have full control over the affairs of Brinx.

18. The Bylaws also provide that the President of Brinx, subject only to the direction and supervision of the Board of Directors, shall be the chief executive officer of the corporation and shall have general and active control of its affairs and business as well as general supervision of its officers, agents and employees. Additionally, the President of Brinx shall report only to the Board of Directors in the capacity of chief executive officer of the corporation.

19. The controlling member of the Board of Directors of Brinx since incorporation in 1998 through and including the present has been, and continues to be, Cabianca, whom also currently serves as Chief Executive Officer and President of Brinx.

20. Knight's actions, as a member of the Board of Directors of Brinx, are controlled by Cabianca, who appointed her to the Board of Directors of Brinx in 2012, to represent Cabianca's interests exclusively, a role she has willingly assumed.



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

21. As the controlling Director of Brinx, Cabianca has exercised complete control and dominion over the business affairs and decisions of Brinx from the date of incorporation through and including the present date.

22. Pursuant to the Bylaws of Brinx, adopted on or about December 3, 2002, Brinx is required to hold an annual meeting of its stockholders.

23. Acting at the direction of Cabianca, Brinx has failed to even hold an annual meeting of its stockholders as required in the Bylaws.

24. In this same regard, though the Bylaws of Brinx state that each outstanding share of stock, regardless of class, shall be entitled to one vote as to matters so designated in the Bylaws, Brinx has to date denied the shareholders, including Beckett, of their voting rights with respect to any matter provided for in the Bylaws.

25. Beckett owns 2,826,335 Common shares of Brinx stock or approximately 11.5% of the outstanding Common stock in Brinx.

26. Cabianca currently owns 2,554,702 Common shares of Brinx stock or approximately 10.4% of the outstanding Common stock in Brinx.

27. According to public information provided to the Security and Exchange Commission ("SEC"), without adequate consideration and in violation of fiduciary and other obligations owed to the other Brinx stockholders, on February 10, 2012, Defendant Cabianca caused Brinx to issue 500,001 shares of "Series A Preferred Stock" at par value to Cabianca.

28. The rights attached to the Series A Preferred Stock that Defendant Cabianca issued to himself include certain extraordinary rights including but not limited to: (i) the holders of the Series A Preferred Stock can redeem their stock at a predetermined redemption price; (ii) the holders



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

of the Series A Preferred Stock shall be entitled to elect a Director of Brinx in connection with each annual election of Directors, whom shall be designated the Series A Director; (iii) the holders of the Series A Preferred Stock can block any material action by Brinx without first obtaining the approval of the holders of the majority of the Series A Preferred Stock.

29. The effect of the February 10, 2012 Series A Preferred Stock issuance by Cabianca to himself, combined with the rights purportedly afforded by such Series A Preferred Stock ownership, and with his role as controlling Director and sole Officer of Brinx, is to seal Cabianca's complete dominion and control over the affairs of Brinx for his sole benefit.

30. Further, the effect of the Series A Preferred Stock issued by Cabianca to himself was to raise his total percentage of ownership in Brinx by combining the Common and Series A Preferred stock to 12.2% from his previous ownership interest of 10.4%, and to decrease Beckett's percent of ownership in the Company to 11.2%.

31. Cabianca, for the entire period of Beckett's ownership interest in Brinx, has treated Brinx as his personal "piggy bank".

32. Cabianca's actions in this regard include but are not limited to: (i) granting himself Series A Preferred stock in Brinx in 2012 without adequate factual or legal basis or fair consideration of any type; (ii) charging Brinx excessive fees and costs for Cabianca's services and those of Cabianca's family members, including but not limited to, Sarah, who willingly participated in and benefitted from the payment of excess monies; (iii) charging Brinx excessive reimbursement for personal expenses for Cabianca and Cabianca's family members, including but not limited to, Sarah, who willingly participated in and benefitted from the payment of excess monies; (iv) engaging in unauthorized and illegal related party transactions with Brinx, including but not limited



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

to, with Sarah, who willingly participated in and benefitted from said transactions; (v) engaging in a pattern of overt acts of self-dealing and use of corporate opportunities; (vi) engaging in the sale and transfer of Brinx company assets for Cabianca's personal benefit or for that of Cabianca's family members, including but not limited to, Sarah, who willingly participated in and benefitted from said transactions; (vii) appointing Knight to the Board of Directors of Brinx in 2012 to act as his exclusive agent and co-conspirator; and (viii) engaging in a pattern of other acts which establish violations of fiduciary duties owed to the stockholders in Brinx, including Beckett.

**FIRST CLAIM FOR RELIEF**

**[Relief Under NRS § 78.630 and NRS § 78.635]**

33. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 32, above.

34. Based on the above stated allegations, Brinx has been or is being conducted at a great loss and in a greatly prejudicial manner to the interests of its stockholders.

35. Plaintiff, owning at least 10% of the outstanding stock entitled to vote, has standing to petition this Court for issuance of an injunction and the appointment of a receiver(s) or trustee(s) to manage the affairs of Brinx. NRS § 78.630(1).

36. Based on the allegations above and the sufficiency of the application herein, Plaintiff requests that the Court determine that Brinx has been or is being conducted at a great loss and in a manner which is prejudicial to the interests of the majority of its stockholders so that its business cannot be conducted with safety to the public and that the Court issue an injunction to restrain the corporation, its officers and agents, from exercising any of its privileges or from collecting or



MAUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

receiving any debts or paying out, selling, assigning or transferring any of its estate, money lands, tenements or affects except to a receiver appointed by the Court in accordance with NRS 78.635.

37. Plaintiff also requests the Court remove Cabianca and Knight as Directors of Brinx and issue an injunction appointing a receiver(s) or a trustee(s) for the benefit of the stockholders of Brinx with sufficient powers as the Court may determine in its discretion or as afforded by NRS § 78.635.

**SECOND CLAIM FOR RELIEF**

**[Relief Under NRS § 78.650 and NRS §78.655 through NRS § 78.695]**

38. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 37, above.

39. Based on the above stated allegations, and Beckett's position as stockholder in Brinx which exceeds 10% of the issued and outstanding stock, Beckett requests this Court issue an order appointing a receiver to govern the affairs of Brinx and an injunction restraining the corporation from exercising any of its powers or doing business whatsoever except by and through a receiver appointed by the Court based on the fact that the controlling Director of Brinx, Cabianca, and his agent Knight, are guilty of fraud, collusion or gross mismanagement in the conduct and control of the affairs of Brinx and are likewise guilty of misfeasance, malfeasance or nonfeasance.

40. The assets of Brinx are in danger of waste or ultimate insolvency to the detriment of the shareholders of Brinx, including Beckett. Accordingly, Plaintiff requests the Court remove Cabianca and Knight as Directors of Brinx and appoint a receiver(s) or trustee(s) to govern the affairs of Brinx during the pendency of this action at the direction of the Court in accordance with



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

the powers afforded pursuant to NRS § 78.650 and to provide any other appropriate relief set forth at NRS §78:655 through NRS § 78.695.

**THIRD CLAIM FOR RELIEF**

**[Violation of Sections (b) and Rule 10(b)(5) of the 1934 Securities Act, 15 U.S.C. § 78j(1) *et. seq.*]**

41. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 40, above.

42. Based on the above allegations, Defendants Cabianca and Knight, as officers and directors of Brinx, have employed devices, schemes and artifices in connection with the purchase and sale of securities, by use of means and interstate commerce and mail to defraud Beckett and other similarly situated shareholders of Brinx in the purchase and sale of securities in violation of Section 10b and Rule 10(b)(5) of the 1934 Securities Act, 15 U.S.C. § 78j(1) and 17 C.F.R. § 240.10(b)(5).

43. Based on the above facts, Defendants Cabianca and Knight, as officers and directors of Brinx, have made intentional false and misleading statements of material fact or have omitted material facts necessary to make such statements not misleading in order to solicit and consummate the purchase and sale of securities from Beckett.

44. Based on the above facts, Beckett, in agreeing to invest in Brinx, reasonably relied on these intentional misrepresentations and was misled by such misrepresentations and by the deception of Defendants, made in their collective capacities as officers and directors of Brinx, all to his general damage in an amount to be proven at the time of trial but which exceeds the sum of Ten thousand Dollars ($10,000.00).



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

45. Beckett has been harmed by the intentional misrepresentations and deception of Defendants in the investment of funds in the securities of Brinx.

**FOURTH CLAIM FOR RELIEF**

**[Violation of Section 20a of the 1934 Securities Act; 15 U.S.C. § 78t(a); Control Person Liability]**

46. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 45, above.

47. Based on the above allegations, Defendants Cabianca and Knight, as officers and directors of Brinx, are persons liable under § 20a of the 1934 Securities Exchange Act, 15 U.S.C. § 78t(a) for violations of Section 10(b) and Rule 10(b)(5) of the 1934 Act, each as a person who directly or indirectly controlled Brinx within the meaning of the Code of Federal Regulations and the 1934 Securities Exchange Act, and who is therefore liable under Section 10(b) and Rule 10(b)(5) of the 1934 Act.

**FIFTH CLAIM FOR RELIEF**

**[Violation of the Sarbanes- Oxley Act of 2002]**

48. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 47, above.

49. Based on the above allegations, Defendants Cabianca and Knight, as officers and directors of Brinx, in violation of 15 U.S.C. § 78m(1) failed to adequately or timely disclose material information described above, which is necessary and useful for the protection of Beckett and similarly situated shareholders of Brinx, and which is in the public interest.



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

50. Based on the above allegations, Beckett has been harmed by the intentional failure to disclose material facts in an amount to be proven at the time of trial.

## SIXTH CLAIM FOR RELIEF

### [Fraud]

51. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 50, above.

52. The Defendants, individually and collectively, misrepresented to Beckett that they were conducting the Company's affairs in the ordinary course of business and not for their personal benefit or in the interest of self-dealing in the manner detailed above.

53. The Defendants misrepresented to Beckett that they were not mismanaging the Company's assets and resources for their own personal gain.

54. The representations of the Defendants, above, were false statements of material fact that at the time they were uttered by Defendants were made with reckless disregard for the truth, and Defendants should have known the statements to be untrue.

55. The Defendants knew their representations were material and would be relied on by Beckett.

56. Beckett reasonably relied on Defendants misrepresentations to his detriment by investing funds in the Common stock of Brinx.

57. As a direct and proximate result of Beckett's reliance on the Defendants' misrepresentations, Beckett has been damaged in an amount to be proven at the time of trial but which exceeds the sum of Ten Thousand Dollars ($10,000.00).



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

## SEVENTH CLAIM FOR RELIEF

**[Breach of Fiduciary Duty]**

58. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 57, above.

59. Based on the above allegations, Defendants Cabianca and Knight, as officers and directors of Brinx, breached common law and statutory fiduciary duties and obligations which were owed to Beckett, as a shareholder in Brinx, and other similarly situated shareholders of Brinx, with regard to the disposition of his invested funds and the management and affairs of Brinx's corporate business.

60. Defendants Cabianca and Knight, as officers and directors of Brinx, owed Beckett a fiduciary duty based on Beckett's position as a stockholder of Brinx, to protect Beckett's investment in Brinx. Cabianca and Knight voluntarily accepted this fiduciary duty and position of trust and confidence.

61. As fiduciaries, Cabianca and Knight owed Beckett and other similarly situated shareholders of Brinx, the following duties:

(a) The duty to refrain from self-dealing;

(b) The duties of loyalty and good faith;

(c) The overall duty not to take unfair advantage and to act in the best interest of the other party;

(d) The duty of honesty;

(e) The duty to disclose all material facts;



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

(f) The duty to place the stockholder's interests before and above their own interests;

(g) The duty of good faith and fair dealing.

(h) The duty not to extend contracts to related parties to the detriment of Brinx.

62. Cabianca and Knight breached their fiduciary duties to Beckett by failing to properly protect Beckett's investment in Brinx and by engaging in the self-dealing and other acts of mismanagement detailed above.

63. As a direct and proximate result of Defendants' conduct, Beckett has suffered damages in an amount to be proven at the time of trial but which exceeds the sum of Ten Thousand Dollars ($10,000.00).

**EIGHTH CLAIM FOR RELIEF**

**[Civil Conspiracy]**

64. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 63, above.

65. Based on the actions described above, each of the Defendants in this matter, acting in concert, conspired to defraud Beckett, through unlawful means and through the use of false pretenses, in violation of U.S. securities laws as well as Nevada common law, tort and statutory prohibitions, as a means to defraud Beckett to their collective financial benefit and to Beckett's financial detriment.

66. As a direct and proximate result of the Defendants' conduct, Beckett has suffered damages in an amount to be proven at the time of trial but which exceeds the sum of Ten Thousand Dollars ($10,000.00).



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

## NINTH CLAIM FOR RELIEF

**[Unjust Enrichment]**

67. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 66, above.

68. As a direct result of the actions described above, Cabianca, Knight and Sarah have been unjustly enriched to the detriment of Plaintiff.

69. As a result and consequence, Defendants have caused Plaintiffs to suffer loss and damage in an amount in excess of Ten Thousand Dollars ($10,000.00).

## TENTH CLAIM FOR RELIEF

**[Deceptive Trade Practices NRS § 598.0915]**

70. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 69, above.

71. Cabianca, Knight and Sarah have each engaged in a deceptive trade practice by knowingly making false representations in the transactions outlined above in violation of NRS § 598.0915.

72. As a result and consequence of Defendants' deceptive trade practices, Defendants have caused Plaintiff to be injured in an amount in excess of Ten Thousand Dollars ($10,000.00).

## ELEVENTH CLAIM FOR RELIEF

**[Injunctive Relief]**

73. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 72, above.



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

74. Unless Knight is removed as a Director of Brinx, and Cabianca is removed as the Chief Executive Officer, President and Chairman of the Board of Brinx, and Cabianca and Knight are restrained and enjoined from breaching their duties and obligations to the Plaintiff, or otherwise damaging the interests of the Plaintiff, including but not limited to, orders enjoining the Defendants from entering into transactions regarding the Corporation's assets, Plaintiff will suffer immediate and irreparable harm.

75. Plaintiff requests this Court enter an Order enjoining Defendants from continuing to serve as Directors and/or Officers of Brinx in order to preserve the status quo pending final judgment.

**TWELFTH CLAIM FOR RELIEF**

**[Accounting]**

76. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 75, above.

77. Plaintiff requests an accounting of all salary, profits, gains and benefits obtained by each Defendant as a consequence of each Defendant's actions described herein.

**THIRTEENTH CLAIM FOR RELIEF**

**[Violations of NRS § 90.570]**

78. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 77, above.

79. Based on the above allegations, Defendants Cabianca and Knight, as officers and directors of Brinx, have employed devices, schemes and artifices in connection with the purchase



LAUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

and sale of securities to defraud Beckett and other similarly situated shareholders of Brinx in the purchase and sale of securities in violation of NRS § 90.570.

80. Based on the above facts, Defendants Cabianca and Knight, as officers and directors of Brinx, have made untrue statements or intentional false and misleading statements of material fact or have omitted material facts necessary to make such statements not misleading in order to solicit and consummate the purchase and sale of securities from Beckett.

81. Based on the above facts, Beckett, in agreeing to invest in Brinx, reasonably relied on these intentional misrepresentations and was misled by such misrepresentations and by the deception of Defendants, made in their collective capacities as officers and directors of Brinx, all to his general damage in an amount to be proven at the time of trial but which exceeds the sum of Ten thousand Dollars ($10,000.00).

82. Beckett has been harmed by the intentional misrepresentations and deception of Defendants in the investment of funds in the securities of Brinx.

Based on the foregoing, Plaintiff requests the following relief:

A. For issuance of an injunction, and the appointment of a receiver or trustee to supervise the affairs of Brinx during the pendency of this action in accordance with NRS §78.630 and NRS §78.635, and Rule 65 of the Nevada Rules of Civil Procedure.

B. Interim and final orders requiring Cabianca be removed as the Chief Executive Officer, President and Chairman of the Board of Brinx.

C. Interim and final orders requiring Knight be removed as a Director of Brinx.

D. For any equitable relief to which Plaintiff may be entitled, including an order for accounting and a constructive trust.



LUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

E. For issuance of a temporary restraining order and preliminary injunction enjoining and restraining Cabianca from acting on behalf of Brinx, and enjoining and restraining Brinx from selling or encumbering the Corporation's assets.

F. For consequential, general and special damages, past and future, according to proof in a sum in excess of $10,000.

G. For punitive damages according to proof in an amount sufficient to deter Defendants from engaging in similar conduct against Plaintiff and to deter Defendant from engaging in similar malicious, offensive and fraudulent conduct against others in the future.

H. For costs incurred in bringing this action, together with reasonable attorneys' fees; and

I. For such other and further relief as the Court deems just and proper.

NRS 239B.030 Certification

Pursuant to NRS 239B.030, the undersigned hereby affirms that this document does not contain the Social Security Number of any person.

Dated this 16 day of April, 2013.

MAUPIN, COX & LEGOY

By: [signature]
Paul J. Anderson, Esq.



MAUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

# EXHIBIT 2

EXHIBIT 2

**Jack Hutchings**

| | |
|---|---|
| **From:** | William D. Schuller <wschuller@klnevada.com> |
| **Sent:** | Wednesday, August 14, 2013 2:40 PM |
| **To:** | Jack Hutchings |
| **Cc:** | Alex Flangas (AFlangas@hollandhart.com); Marie K. Burns |
| **Subject:** | FW: Beckett v. Brinx Resources, Ltd.--Federal Court Action (8765-1) |

Please see the email from opposing counsel received this morning.

**William D. Schuller, Esq.**
Associate



ATTORNEYS AT LAW

P: 702.362.7800 F: 702.362.9472
Web: www.klnevada.com Bio: Attorney Bio
400 S. Rampart Blvd. | Suite 400 | Las Vegas | NV 89145

This communication (including any attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any use of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.

---

**From:** Anderson, Paul [mailto:panderso@mclrenolaw.com]
**Sent:** Wednesday, August 14, 2013 8:50 AM
**To:** Alan J. Lefebvre; William D. Schuller
**Cc:** Richard E. Rassel (RERassel@WWRPLaw.com); Ernie J. Essad (EJEssad@WWRPLaw.com); May A. Saad (MASaad@WWRPLaw.com); Waggoner, Debra
**Subject:** Beckett v. Brinx Resources, Ltd.--Federal Court Action

Alan and William:

I just left a message with Alan's office to call me tomorrow to discuss some issues regarding the federal court case. I thought I would send this email to outline the issues to hopefully streamline our discussion tomorrow. Before I get into that I would like to congratulate you on your appointment as President of the Nevada State Bar Association. I wish you the best of luck in the coming year in your presidency.

As to the federal court action, I want to discuss a method to resolve what could turn into more motions in the near future and which will only lead to increased costs to our respective clients and delay in the proceedings. As you know, you filed a motion to dismiss the fourth cause of action in the federal complaint, alleging that the other claims, i.e., claims one, two, three and five, did not apply to Brinx Resources. It is our belief that those claims do in fact apply against the corporation and that a reasonable reading of the complaint by the court would lead to that conclusion. While we may argue about that the bottom line at this point is that Brinx has not responded to those claims and is subject to default as to those claims at this time. Instead of obtaining a clerks default we would propose resolving this matter as stated below.

First, Beckett will agree to a dismissal of the fourth claim for relief based on the statute of limitations argument set forth in the motion to dismiss. In exchange, the parties will stipulate that Beckett can file an amended complaint to more directly and clearly state the other four claims against Brinx and the individual defendants. Brinx will agree to accept service of process as to all the Defendants once the amended complaint is filed. Beckett will allow Brinx and the individual Defendants additional time (within reason) to respond to the amended complaint.

I look forward to speaking with you tomorrow as to these matters. I will prepare the stipulation and order addressing these issues assuming we have an agreement.

Paul

CONFIDENTIALITY -- This message is intended to be confidential and directed only to the person/entity as addressed above. Furthermore, the contents of this message and any attachments hereto may be subject to the attorney-client privilege and/or work product doctrine and should not be disclosed to other parties or distributed or copied in any way. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this message by error, please reply by e-mail to inform us and delete any copies from your hard drive. Thank you.

Paul J. Anderson
Maupin, Cox & LeGoy
4785 Caughlin Parkway
P. O. Box 30,000
Reno, NV 89519 / 89520 (PO Box)
Phone: 775-827-2000
Fax: 775-827-2185
Email: panderson@mclrenolaw.com