UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY R. BECKETT,<br><br>    Plaintiff,<br><br>v.<br><br>BRINX RESOURCES, LTD., a Nevada corporation; KENNETH A. CABIANCA, an individual; and GEORGIA KNIGHT, an individual,<br><br>    Defendants. | 3:13-CV-00342-LRH-WGC<br><br>ORDER |

    Before the Court is Plaintiff Jeffrey R. Beckett's ("Beckett") Motion for Leave to File a Sur-Reply to Defendant Brinx Resources, Ltd.'s ("Brinx") Motion to Dismiss. Doc. #30.[1] Brinx filed a Response (Doc. #32), to which Beckett replied (Doc. #34).

**I.    Factual Background**

    On August 28, 2013, Beckett filed a First Amended Complaint ("FAC"), alleging, among other things, violations of Section 10(b) and Rule 10b-5 of the 1934 Securities Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. On September 11, 2013, Brinx filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. Doc. #20. Beckett filed a Response (Doc. #25), to which Brinx replied (Doc. #27). Thereafter, Beckett filed the present Motion for Leave to

---

[1] Refers to the Court's docket number.

File a Sur-Reply. Doc. #30. Beckett argues that Brinx' Reply raises new matters beyond the scope of its Motion to Dismiss. *See generally id.*

## II.     Legal Standard

Local Rule 7-2(a)(c) provides for a motion, a response, and a reply. No such provision exists for filing a sur-reply. Thus, a party must obtain leave from the Court before filing a sur-reply. Sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Avery v. Barsky*, 3:12-CV-00652-MMD, 2013 WL 1663612, at *2 (D. Nev. Apr. 17, 2013) (quoting *Lacher v. W.*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001)). On the other hand, it is improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond. *See Salem Vegas, L.P. v. Guanci*, No. 2:12-CV-01892-GMN, 2013 WL 5493126, at *3 (D. Nev. Sept. 30, 2013); *see also Castarphen v. Milsner*, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009). Where the moving party presents new matters for the first time in a reply brief, the Court may either refuse to consider the new matters or allow the opposing party an opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) ("[t]he district court need not consider arguments raised for the first time in a reply brief"); *see also Avery*, 2013 WL 1663612, at *2-3 (the non-movant may obtain leave to file a sur-reply to address new matters raised in the moving party's reply). When permitted, a sur-reply may "*only [] address new matters raised in a reply to which a party would otherwise be unable to respond.*" *Kanvick v. City of Reno*, No. 3:06–CV–00058, 2008 WL 873085, at *1 n.1 (D. Nev. March 27, 2008) (emphasis in original).

## III.    Discussion

Here, the Court finds that it was improper for Brinx, as the moving party, to "shift gears" by introducing new legal argument in its Reply. By Brinx' own admission, "the 'standing' argument and the reference to the '*Birnbaum* Rule' in the Brinx Reply[, to which Beckett objects,] address the most basic of the requirements for pleading a violation of Section 10(b) and Rule 10b-5 that one must be either a purchaser or a seller of securities in connection with the alleged fraud." Doc.

1  #32, p. 4.  As such, it was incumbent upon Brinx to address these arguments in its Motion to
2  Dismiss.  Instead, Brinx merely offered that "[t]he FAC fails to allege any purchase or sale of a
3  security by Plaintiff" without providing any explanation or legal argument.  *See*  Doc. #20, p. 7.
4  Subsequently, at a time when Beckett no longer had an opportunity to respond, Brinx offered three
5  (3) full pages of explanation and legal argument to support its earlier assertion.  *See* Doc. #27, pp.
6  3-5.  In this regard, the Court finds Brinx' Reply to be improper.

7       Moreover, this is not a circumstance in which new matters raised in Beckett's Response
8  were unforeseeable at the time Brinx filed its Motion to Dimiss.  *See Mitchell v. HFS N. Am., Inc.*,
9  2:09-CV-02411-GEB, 2011 WL 2961468, at *3 (E.D. Cal. July 20, 2011) (quoting *Litton Indus.,*
10  *Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other*
11  *grounds*, 967 F.2d 742 (2d Cir. 1992)) (stating that "reply papers may properly address new
12  material issues raised in the opposition papers so as to avoid giving unfair advantage to the
13  answering party who took it upon himself to argue those previously unforseen issues").  Contrary to
14  Brinx' assertion that "[Beckett] explained, for the first time, that the alleged securities fraud
15  consisted of Brinx' sale to Defendant KENNETH A. CABIANCA ("Cabianca") of 500,001 shares
16  of Series A Preferred Stock of Brinx, for inadequate consideration"  (Doc. #32, p. 2), Beckett
17  clearly alleges this fact in paragraphs 28 and 37 of the FAC.  *See* Doc. #17, ¶28 ("According to
18  public information provided to the Securities and Exchange Commission ("SEC"), without
19  adequate consideration and in violation of fiduciary and other obligations owed to Beckett, on
20  February 10, 2012, Defendant Cabianca caused Brinx to issue 500,001 shares of 'Series A
21  Preferred Stock' at par value to Cabianca;" *see also* Doc. #17, ¶37 ("Cabianca's actions in this
22  regard include but are not limited to: (i) granting himself Series A Preferred stock in Brinx in 2012
23  without adequate factual or legal basis or fair consideration of any type . . .").  Brinx admits as
24  much in its Reply brief.  *See* Doc. #27, pp. 2-3 (citing the same alleged facts and citing the FAC).
25       Notwithstanding this misstep, the Court finds Brinx' standing argument and reference to the
26  *Birnbaum* Rule germane to the Court's evaluation of Brinx' pending Motion to Dismiss.

Accordingly, the Court shall grant Beckett's Motion for Leave to File a Sur-Reply in order to ensure that he has a full and fair opportunity to respond to Brinx' Motion to Dismiss and the arguments subsequently set forth in Brinx' Reply.

IT IS THEREFORE ORDERED that Beckett's Motion for Leave to File a Sur-Reply (Doc. #30) is GRANTED.

IT IS FURTHER ORDERED that Beckett shall file a brief sur-reply to Brinx's Motion to Dismiss (Doc. #20) of not more than ten (10) pages, addressing *only* those matters raised for the first time in Brinx's Reply (Doc. #27), within fifteen (15) days of entry of this Order.

IT IS SO ORDERED.

DATED this 14th day of November, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE